ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TIMOTHY WELLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 307-083 |
| | ) | (Formerly CR 305-006) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner Timothy Wells, an inmate currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina, has filed with this Court a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On January 6, 2005, a federal grand jury indicted Petitioner on the following charges: (1) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and (2) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). United States v. Wells, CR 305-006, doc. no. 1 (S.D. Ga. Jan. 6, 2005) (hereinafter "CR 305-006"). Pursuant to a negotiated plea agreement, Petitioner pled guilty to Count 1 of the indictment

on August 30, 2006. CR 305-006, doc. nos. 31, 32. The plea agreement contained an express appeal waiver provision, which stated in pertinent part as follows:

> [T]he defendant . . . expressly waives any and all rights . . . to appeal any sentence imposed that is within the statutory maximums . . . .
>
> The defendant . . . also expressly waives any and all rights to collateral post-conviction attack of the sentence or the voluntariness, providence or factual basis of the guilty plea entered pursuant to this agreement.
>
> Notwithstanding these waivers, the defendant reserves the right to file a direct appeal (but not a collateral attack) of the sentence imposed (but not the voluntariness, providence, or factual basis of the defendant's entry of a guilty plea . . .), in the event the sentencing Court upwardly departs from the guideline range . . . .

Id., doc. no. 32, pp. 2-3.

At the Rule 11 colloquy, the Honorable Dudley H. Bowen, Jr., United States District Judge, asked whether Petitioner had any difficulty understanding the plea agreement, to which Petitioner responded, "No, sir, I understood that." Id., doc. no. 45, p. 3 (hereinafter "Rule 11 Tr."). Petitioner also responded affirmatively when Judge Bowen inquired whether he had been afforded enough time to discuss and prepare his case with his attorney. Id. at 4. Judge Bowen then proceeded to explain to Petitioner the offenses with which he was charged, which Petitioner indicated he understood. Id. at 4-5. Following this, Judge Bowen summarized the relevant portion of Petitioner's plea agreement as follows:

> In your plea agreement, . . . [y]ou are going to waive or give up any right to appeal with respect to any sentence imposed. You are also waiving or giving up any collateral attack rights, that is your habeas corpus rights. However, if for any reason I sentence you above the guidelines you would get your right to appeal back.

Id. at 7-8. Judge Bowen then asked whether his summary agreed with Petitioner's understanding of the agreement, to which Petitioner responded, "Yes, sir."[1] Id. at 9.

Special Agent Rhodes of the Bureau of Alcohol, Tobacco, Firearms, and Explosives then testified to the basis for Petitioner's guilty plea. In relevant part, Special Agent Rhodes testified that in June 2004, the Laurens County Sheriff's Office had observed Petitioner's drug-dealing activities from his house and an abandoned house across the street. Id. at 10-11. Upon Petitioner's arrest, a search warrant was executed on the abandoned house, during which officers recovered 40 bags of powder cocaine, weighing approximately 18 grams, and 3 bags of cocaine base, weighing slightly less than 3 grams. Id. at 12. Special Agent Rhodes also testified that officers recovered 3 separate firearms in Petitioner's house during the execution of the search warrant. Id. Following this testimony, Judge Bowen accepted Petitioner's guilty plea, which was duly entered. Id. at 16-17.

Prior to Petitioner's sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSI") and determined that based on Petitioner's involvement with 18.63 grams of powder cocaine and 1.75 grams of cocaine base, Petitioner should be assigned a base offense level of 18.[2] PSI, ¶ 20. The Probation Office also

---

[1] The Court acknowledges that there is a discrepancy in the Rule 11 Transcript, wherein Petitioner responded "No, sir" to Judge Bowen's question regarding whether his summary of the plea agreement was accurate. Rule 11 Tr., p. 9. However, the audio recording of the Rule 11 colloquy demonstrates that Judge Bowen's final inquiry of Petitioner was whether there was anything in the plea agreement he did not understand, thus prompting Petitioner's negative response.

[2] These amounts were converted to their marijuana equivalents for U.S. Sentencing Guideline purposes, resulting in the recommendation that Petitioner be held accountable for 38.726 kilograms of marijuana. PSI, ¶¶ 15, 20.

3

recommended that Petitioner receive a two-level enhancement based on his possession of three firearms at the time of his arrest, as well as a three-level enhancement based on his failure to withdraw from criminal conduct while out on bond and failure to notify the probation office that he had been arrested for speeding and driving under the influence. Id. ¶¶ 18, 26. This resulted in Petitioner being assigned a total offense level of 20. Id. ¶ 27. However, because Petitioner had previously been convicted of two prior narcotics offenses, it was also determined that Petitioner qualified as a career criminal pursuant to U.S. Sentencing Guidelines § 4B1.1. Id. ¶ 28. Thus, Petitioner was assigned a total offense level of 32 and a criminal history category of VI, resulting in sentencing range between 210 and 240 months of imprisonment. Id. ¶¶ 28, 30, 38, 65. Neither Petitioner nor his counsel objected to the PSI prior to sentencing. See PSI Addendum.

At Petitioner's sentencing on January 23, 2007, Petitioner informed the Court that he had been afforded enough time to read and discuss the PSI with his attorney. CR 305-006, doc. no. 50, p. 1 (hereinafter "Sent. Tr."). Both Petitioner and counsel informed the Court that they had no objections to the factual statements contained therein. Id. at 2. Counsel successfully persuaded Judge Bowen to downwardly depart from the maximum allowable sentence based on Petitioner's age and medical condition, id. at 3-6, and Judge Bowen imposed a sentence of 180 months of imprisonment, five years of supervised release, a $3,600 fine, and a $100 special assessment, id. at 11-13. See also CR 305-006, doc. no. 47. Consistent with his plea agreement, Petitioner did not appeal.

Petitioner has now timely filed the instant ¶ 2255 motion in which he seeks vacatur of his conviction and sentence based on the following allegations:

4

(1) the indictment in his case was insufficient because it failed to allege the drug quantity as an element of the offense, thereby depriving the Court of jurisdiction;

(2) the indictment failed to allege a federal offense because it failed to state that Petitioner's cocaine possession was "unlawful" under the charged statute (21 U.S.C. § 841(a)(1));

(3) the Court had no jurisdiction to sentence him as a career offender because the government failed to file a notice of sentence enhancement pursuant to 21 U.S.C. § 851;

(4) the indictment failed to charge a federal offense because it failed to allege that the drugs in Petitioner's possession had a nexus to interstate or foreign commerce;

(5) the Court erred in denying him a reduction in sentence for acceptance of responsibility;

(6) Petitioner is factually and actually innocent based on the alleged deficiencies in the indictment noted above, the government's failure to file a notice of enhancement, and because the PSI contained an incorrect calculation of the drug quantity and incorrectly assigned him a two-level enhancement based on Count 2 of the indictment; and

(7) Petitioner's counsel was ineffective for:

    (a) failing to raise all of the above claims prior to Petitioner's guilty plea,

    (b) failing to investigate the government's case and make adequate pre-trial preparations,

    (c) failing to advise Petitioner of any available defenses, his right to have the government prove every element of the charged offenses, and his right against self-incrimination, and

    (d) failing to move to dismiss the indictment due to an alleged violation of Petitioner's right to a speedy trial.

(See generally doc. no. 1). Petitioner requests an evidentiary hearing "to ascertain all the necessary facts." (Id. at 66). The Court resolves these matters as follows.

5

## II. DISCUSSION

A. **No Need for Evidentiary Hearing**

In regard to Petitioner's request for an evidentiary hearing, the Eleventh Circuit follows the general rule "that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record." Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. Stated another way:

> Notwithstanding this legislative mandate, it is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.

Stephens v. United States, 14 F. Supp.2d 1322, 1334 (N.D. Ga. 1998) (citation omitted); see also Powell v. United States, No. 03-10389, slip op. at 2-3 (11th Cir. Dec. 2, 2003) (requiring evidentiary hearing on § 2255 motion unless record "conclusively" shows that petitioner is entitled to no relief).

As described in detail below, the Court finds that Petitioner's claims are barred from review or otherwise affirmatively contradicted by the record. Thus, no evidentiary hearing is necessary in this case. Accordingly, Petitioner's request for an evidentiary hearing should be denied.

B.  **Effect of Waiver Contained in the Plea Agreement**

1.  **Knowing and Voluntary Nature of Waiver**

The grounds for relief presented in Petitioner's first through sixth allegations in his § 2255 motion are barred by the appeal waiver contained in his plea agreement. A waiver of appeal[3] provision is enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden in the instant case, then almost all of Petitioner's current claims are barred from review. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

In the instant case, the plea agreement Petitioner signed contained an appeal waiver expressly waiving his right to a collateral post-conviction attack on his sentence or the voluntariness, providence, or factual basis for the guilty plea. CR 305-006, doc. no. 32, p. 2. The appeal waiver also contained a provision waiving Petitioner's right to direct appeal,

---

[3]By "appeal," the Court here refers to the right to "appeal or contest, directly or collaterally, [a] sentence." United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993). Moreover, case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. Id. at 1345; see also Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-67 (N.D. Ga. 2004)

with an exception to allow a direct appeal, but not a collateral attack, challenging the voluntariness, providence, or factual basis of his plea. Id. Moreover, as part of the plea agreement, Petitioner verified that he

> had the services of an attorney [he] believes to be competent . . . [and that] with the advice of counsel . . . weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of [his] free and voluntary choice . . . .

Id. at 7-8. In addition, Judge Bowen specifically questioned Petitioner at the Rule 11 colloquy about the contents of the plea agreement, with specific reference to the appeal waiver provision. When asked whether the summary of the plea agreement reflected Petitioner's understanding of it, Petitioner responded affirmatively and indicated that there was nothing in the plea agreement that he did not understand. Rule 11 Tr., p. 9.

The record before the Court clearly supports the conclusion that the plea agreement signed and verified by Petitioner fully set forth as a condition of his guilty plea that he was waiving any right to pursue a collateral attack of his sentence or the voluntariness, providence, or factual basis of the guilty plea. Judge Bowen reviewed the waiver provisions at the Rule 11 hearing, and Petitioner acknowledged that he understood and agreed with the terms of the plea agreement as explained by Judge Bowen. "Solemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Moreover, Petitioner does not suggest anywhere in his § 2255 motion that he did not understand or comprehend the waiver provision of his plea agreement. In sum, the Court concludes that the waiver is valid, and, that the first through sixth assertions

8

Petitioner presents as bases for relief in the instant § 2255 motion are therefore barred from review.

## 2. Ineffective Assistance of Counsel Claims Not Covered by Waiver

As noted above, Petitioner knowingly and voluntarily entered into his plea agreement, which provided that Petitioner waived his rights to collateral review. However, under certain circumstances, ineffective assistance of counsel claims may survive a valid waiver. In particular, the Eleventh Circuit recognizes that "there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement." Williams v. United States, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005); see also Vaca-Ortiz, 320 F.Supp.2d at 1365 ("[T]he court notes that a criminal defendant could not waive the right to bring a claim for ineffective assistance of counsel in which he alleges ineffectiveness at the time he was entering the plea or ineffectiveness related to advice he received regarding the waiver.").

Petitioner's claims of ineffective assistance of counsel are not barred by his appeal waiver, as they challenge counsel's performance with respect to entering into and negotiating the guilty plea. Specifically, Petitioner contends that before advising Petitioner to plead guilty, counsel failed to (1) investigate the government's case and make adequate pre-trial preparations, (2) advise Petitioner of any available defenses, (3) advise Petitioner regarding the government's burden of proof and Petitioner's right against self-incrimination, and (4) move to dismiss the indictment due to an alleged violation of Petitioner's right to a speedy

9

trial.[4] (Doc. no. 1, pp. 50-56). The logical conclusion of this argument is that Petitioner would not have entered the plea agreement or decided to plead guilty but for these alleged errors by counsel, thereby challenging counsel's assistance in entering into and negotiating the guilty plea.

That having been stated, to establish ineffective assistance of counsel, Petitioner must meet a two-part test. Petitioner first must show that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" Id. at 689; see also Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). "A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. In the context of a guilty plea, the Court must normally inquire as to whether counsel's performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

---

[4] While Petitioner alleges that counsel was ineffective for failing to raise the first through sixth allegations presented as bases for relief in the instant § 2255 motion, as the Court has determined that these claims are barred by a valid appeal waiver, it need not address them in analyzing Petitioner's allegations of ineffective assistance of counsel.

10

In applying the <u>Strickland</u> components outlined above, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." <u>Smith v. Wainwright</u>, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." <u>Id.</u> at 616 (citing <u>Strickland</u>, 466 U.S. at 694-95). For as the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." <u>Butcher v. United States</u>, 368 F.3d 1290, 1293 (11th Cir. 2004).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion -- though the presumption is not insurmountable -- is a heavy one." <u>Fugate v. Head</u>, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). "[C]ases in which habeas petitioners can properly

11

prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511.

The record before the Court affirmatively contradicts Petitioner's assertions that he received ineffective assistance of counsel. First, as noted above, Petitioner represented to the Court as part of his plea agreement that he

> had the services an attorney [he] believes to be competent [and that he] has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss [his] case and receive advice . . . . [Petitioner and his] attorney have discussed possible defenses, if any, to the charges in the indictment, . . . [Petitioner's] right to plead not guilty and compel a public trial by jury or by the Court, . . . and [Petitioner's] right to remain silent and have no adverse inferences drawn from [his] silence.

CR 305-006, doc. no. 32, pp. 7-8. These representations made as part of Petitioner's plea agreement clearly contradict Petitioner's claims that counsel failed to investigate the case against him, make adequate pre-trial preparations, or inform him of any available defenses and his right against self-incrimination. Id. at 8, 10.

These claims, as well as Petitioner's assertion that counsel was ineffective for failing to advise him of the government's burden of proof, are also undermined by Petitioner's statements at the Rule 11 colloquy. As noted previously, Judge Bowen specifically questioned Petitioner during these proceedings whether he had been afforded sufficient time to discuss and prepare his case with counsel, to which Petitioner responded "Yes, sir." Rule 11 Tr., p. 4. Furthermore, Petitioner indicated that he was "entirely satisfied" with counsel's preparation and handling of his case. Id. Judge Bowen then discussed with Petitioner the government's burden of proof and Petitioner's right against self-incrimination:

> Q [Judge Bowen]: You have a right to a trial and a trial by jury if you want on these charges. That means the right to a

|                  | presumption of innocence. That means the Government is required to prove you guilty. You don't have to prove your innocence or prove anything else and they are required to prove you guilty .... Further, you are entitled to be a witness [for] yourself if you want to be a witness, but no one can force you to testify. Furthermore, if you do choose not to testify nobody can say or suggest or infer that [you] must be guilty just because you decided not to testify. Do you understand all of those rights? |
|---|---|
| A [Petitioner]: | Yes, sir. |
| Q [Judge Bowen]: | [Y]ou also have another important right under the Fifth Amendment of the Constitution to decline or refuse to answer any question if your answer to that question might incriminate you or make you look guilty. That is important here today because in order to accept your guilty plea[,] I will need to ask you what you did or did not do. Do you understand that? |
| A [Petitioner]: | Yes, sir. |

Id. at 6-7. Thus, Petitioner's assertions that counsel was ineffective for the above-noted reasons is contradicted by his statements in open court. While Petitioner would have the Court ignore his responses to Judge Bowen's questions, as noted previously, "[s]olemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 74. Moreover, even if counsel failed to discuss the government's burden of proof and Petitioner's right against self-incrimination, Judge Bowen more than adequately explained these principles to Petitioner at the Rule 11 colloquy, and no prejudice inured to him because of counsel's alleged errors.

Finally, Petitioner's claim that counsel erred in failing to move to dismiss the indictment because he did not receive a speedy trial is without merit. At the Rule 11

colloquy, Judge Bowen took note of the fact that over two years had elapsed since Petitioner's arrest and the entry of his guilty plea. Rule 11 Tr., pp. 13-14. The government informed Judge Bowen that the reason for delay was Petitioner's own request that the case be continued for medical reasons, which neither Petitioner nor his counsel disputed. Id. at 14. While this Court also takes note of this delay, Petitioner may not now argue that his counsel was ineffective for reasons related to lack of a speedy trial where Petitioner himself, not the government or the Court, requested multiple continuances for personal reasons, thereby causing the delay in court proceedings. Simply stated, the delay experienced by Petitioner resulted from his own actions, and therefore he has not demonstrated that counsel's performance was objectively unreasonable in this respect.

In sum, all Petitioner's assertions underlying his claim of ineffective assistance of counsel are without merit, and his § 2255 motion should be denied.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 19th day of December, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE