ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| TIMOTHY WELLS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 307-083 |
| ) | (Formerly CR 305-006) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Two of Petitioner's objections are worthy of discussion, but they do not change the Court's opinion regarding the Magistrate Judge's Report and Recommendation.

Petitioner objects to the finding in the Report and Recommendation that his challenge to the indictment on jurisdictional grounds was waived by his guilty plea. In support of his position, Petitioner relies on the case of United States v. Scott, 993 F.2d 1520 (11th Cir. 1993). In Scott, the Eleventh Circuit held that "'unlawfulness' is an essential element necessary to state an offense" under the applicable statute in that case. Id. at 1521. Petitioner contends that this holding supports his position that his sentence was unlawful because the indictment issued against him did not allege that possession of cocaine was unlawful.

Petitioner's reliance on Scott is misplaced. In Scott, the government argued that despite the indictment's failure to allege unlawfulness, the indictment's citation of the statute that the defendant was charged with violating cured this deficiency. Id. The appellate court found this argument unpersuasive and still found the indictment to be defective because it failed to allege which of the subsections of the statute the defendant was charged with violating. Id. On that basis, the Eleventh Circuit found the indictment against appellant was deficient and upheld the trial court's ruling granting the defendant's motion for judgment notwithstanding the verdict. Id. at 1522. Thus, the indictment in Scott failed not because it failed to charge unlawfulness but because it failed to specify the charges against which the defendant would be required to defend.

The indictment issued against Petitioner was not deficient under the analysis in Scott. Concerning Petitioner's drug charge, the indictment alleged that Petitioner violated 21 U.S.C. § 841(a)(1), which provides that "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ." This statute gives notice of the unlawful nature of the charge that Petitioner alleges is lacking, and unlike the indictment in Scott, it does not provide for multiple possible charges against Petitioner. Accordingly, the Court finds that the indictment against Petitioner was specific enough to give him notice of the drug charges against which he was required to defend.

As to the firearms charge, the indictment specifically alleged that Petitioner violated 18 U.S.C. §§ 922(g), which provides:

2

> it shall be unlawful for any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

While there are many other instances in which a person may be convicted of violating this statute, the indictment against Petitioner listed three other convictions falling under this provision of the statute, thus giving him notice of the specific provision under which he was indicted. Thus, the indictment's citation of the statute gave sufficient notice of the unlawful nature of the conduct, provided for only one possible charge against Petitioner, and was specific enough to give Petitioner notice of the charges against which he was required to defend. In sum, the indictment issued against Petitioner did not suffer from jurisdictional defects, and even if this claim was not barred by his valid appeal waiver, it is without merit. Accordingly, this objection is **OVERRULED**.

The Court next addresses Petitioner's contention that his indictment was defective because it did not allege the quantity of cocaine he was charged with possessing. In support of his position, Petitioner relies on United States v. Alvarez, 735 F.2d 461 (11th Cir. 1984), in which the Eleventh Circuit held that enhanced sentences imposed on the defendants in that case were invalid because no quantity of marijuana was alleged in the indictment. Id. at 467-68. Petitioner's reliance on Alvarez is also misplaced. First, Petitioner is not charged with the same offense as the defendants in Alvarez. More importantly, this particular holding of the case has been overruled. In United States v. Coy, 19 F.3d 629 (11th Cir. 1994), the Eleventh Circuit specifically found that Alvarez was no longer the law in this circuit and that

3

it is no longer necessary to allege a specific drug quantity in the indictment. Id. at 636. Accordingly, Petitioner's argument that the indictment against him was deficient for failing to specify the quantity of drugs he possessed is without merit, and his objection to the Magistrate Judge's Report and Recommendation on this ground is also **OVERRULED**.[1]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's § 2255 motion is **DENIED** without an evidentiary hearing, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 17th day of February, 2009, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The remainder of Petitioner's objections are likewise without merit and are also **OVERRULED**.